JOHN J. WHERRY v. JOHN M. BELL.

The purchaser, at a judicial sale of the property of a succession sold for a debt due by the ancestor, will, where the proceedings have been fairly conducted, acquire a title good against an heir who may subsequently make himself known.

An heir to whose benefit the payment, by a third person, of a debt due by the ancestor, has enured, will be bound to refund the amount.

A wife can in no case sell to her husband, or contract towards him the obligations of a vendor, though the husband may, in some cases, sell to her. She cannot, consequently, be cited in warranty by the representative of her deceased husband.

APPEAL from the District Court of West Feliciana, Dawson, J., presiding.

BULLARD, J. The plaintiff represents that, in the right of his mother, he is entitled to one undivided half of the estate of John Brown, deceased without heirs in the ascending or descending line, and that Emily C. Davis; and Evelina Wherry, the petitioner's mother, were Brown's nieces and next of kin in the collateral line.

He represents that after the death of John Brown, Emily C. Davis took possession of his estate, that no inventory was ever made, and that she continued to possess the land and slaves belonging to the estate until lately, when it was sold at the probate sale of the succession of Green B. Davis. That a tract of land and several slaves, whom he names, were purchased by J. M. Bell, who now holds and detains the same. He avers that the sale was in derogation of his rights ; that no partition had ever taken place between him and Emily C. Davis ; and that the sale is null and void. He, therefore, brings this revocatory action, and prays that the sale may be declared void, and that an undivided half may be adjudged to him as representing his mother.

The defendant, after setting up an exception which need not be further noticed, answered that he purchased the land and slaves as alleged, and supposed that he had acquired a good title to the same ; that he knows nothing of the family of John Brown, nor who were his heirs. He prays that Hall, the syndic and representative of the estate of Davis, may be cited in warranty.

The syndic, after uniting with the defendant in his exception, answered, that he admits the purchase by Bell at the probate sale, and expressly denies the plaintiff's heirship, but avers that Emily C. Davis, the wife of G. B. Davis, resided on the plantation, and had possession of the land and slaves as the sole heir of John Brown ; that his estate was, on the 7th of May, 1827, indebted to Nathaniel Cox in the sum of $12,141 17, for advances made to Brown's estate, for which he brought suit against E. C. Davis and her husband, in which he alleged E. C. Davis to be the sole heir and to have made herself liable for the debts, and that in her answer she admitted the justice of the demand, and that she had applied the moneys of the estate to her use ; that judgment was recovered accordingly for $6,945 41 ; that the defendants agreed to pay interest on the judgment at the rate of eight per cent, and that the plaintiff gave five years time to pay it in ; that by agreement a *fieri facias* was issued on the judgment in September, 1827 ; that in virtue thereof the tract of land and slaves were seized, and G. B. Davis became the purchaser for the sum of $7,356, in conformity to the agreement. The syndic further avers, that the estate of G. B. Davis is indebted to that of Nathaniel Cox in the

sum of $14,883, including the aforesaid judgment, which still remains unpaid, and for which the plaintiff would be justly liable in case of his being declared the heir of John Brown; and he further prays that Emily C. Davis may be called in warranty.

It appears that John Brown, whose estate is in question, left one sister, who had three children, E. C. Davis, William, and John Johnson; and the plaintiff is the grandson of another sister previously deceased. The two Johnsons and their sister were the nephews and niece of Brown, and Wherry, the plaintiff, was the grand-nephew, who, it was discovered, was entitled, under the Code of 1808, to concur in the succession in right of representation of his mother. But when the two Johnsons died afterwards, their inheritance fell to their nearest relative, E. C. Davis, their sister. Wherry, therefore, does not claim through them, and cannot therefore be estopped by any act of theirs in their lifetime. He is not their heir, although the co-heir with them of his grand-uncle.

We have stated the substance of the pleadings, which are exceedingly verbose and loaded with irrelevant matters, without noticing many incidents which do not appear to us important. It was more than intimated in the argument in this court, that the difficulty arose in a great measure, if not wholly, from a misconception of the law of succession, in supposing that the grand-nephews do not come in as collateral heirs by representation of their deceased parent, and that E. C. Davis, and her two brothers, were the sole heirs of Brown. The plaintiff appears to have been ignorant, in point of fact, of his own rights. It is shown, however, that he was entitled to one-half of the estate, and the question is, have his rights been impaired by the sale under the judgment in favor of Cox. The jury, and the court below, were of opinion that they were unimpaired, and the plaintiff had judgment for one undivided half of the property, together with a large amount for rents and profits, without any allowance for what was due to Cox by Brown at his death; and the defendant and warrantor appealed, after an unsuccessful motion for a new trial. The evidence shows that Cox recovered a judgment against E. C. Davis, who held herself out as the sole heir of Brown, for a considerable sum. How much was due by Brown at his death in

1821, does not distinctly appear. Cox agreed to receive payment in five annual instalments, with interest at eight per ; centbut a *fieri facias* was issued for the whole amount, the land and slaves were sold, and the husband became the purchaser and assumed to pay the amount of the judgment to Cox, on the terms of credit above mentioned. We have no hesitation in saying that, if, by legal proceedings fairly conducted for a debt due by the deceased common ancestor of the parties, the property had been sold at a judicial sale, the purchaser would have acquired a good title against an heir who should make himself known afterwards. 8 La. 321. But, in the case now before us, there was not a sale in the regular course of judicial proceedings ; the sale was not made to enforce the payment of the debt due to Cox, but probably to change the title from the wife to the husband, who, thereupon, assumed to pay Cox's judgment. Nor is it shown what part of Cox's claim was due by John Brown himself, or for charges in relation to his succession ; nor what part was contracted by the heirs at law in actual possession of the estate. One-half of the debts and charges of Brown's estate are justly due by the plaintiff, and he is in our opinion bound to reimburse them as a condition of his recovery. The payment was for his benefit, and is justly due to the estate of G. B. Davis if paid by him, or to Cox's estate if still due, or to whomsoever is legally subrogated to his rights and actions. But the amount is not ascertained ; and for this purpose, and to determine upon the questions of warranty, the case must be remanded.

There are numerous bills of exception in the record, most of which do not seem to require any particular notice. We think ourselves, however, called upon to pronounce upon the question, whether E. C. Davis can be called in as a warrantor, and whether she be a competent witness.

If she be a warrantor, her obligations, as such, must be towards the estate of her own husband, for engagements contracted by her during the marriage in relation to the alienation of the property in controversy. We know of no case in which a wife can sell to her husband, and bind herself towards him under the obligations of a vendor. He may, in some cases, validly sell to her, but she is in no case authorized to sell to him. It follows that

the representatives of the husband cannot call on her as a warrantor, and that being without interest in that respect she may be a competent witness in this case.

Upon the whole, we are of opinion that the plaintiff is entitled to recover one undivided half of the property in possession of the defendant, which belonged to the estate of John Brown, subject to the payment of one-half of what was justly due by the estate to N. Cox, together with one-half of the rents and profits since the institution of this suit; and that the estate of Davis is liable over as warrantor to the defendant, for the loss to be sustained by him by this eviction. But as the verdict and judgment are not supported by the law and evidence, the cause must be remanded for a new trial and for further proceedings.

The judgment of the District Court is, therefore, reversed, the verdict set aside, and the case remanded for a new trial and further proceedings according to law. The plaintiff to pay the costs of the appeal.

*Dunn* and *Andrews*, for the plaintiff.

*Lobdell*, for the appellant.